IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALEX H. PIERRE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SUPREME COURT OF PENNSYLVANIA, | : | NO. 17-5327 |
| Defendant. | : | |

MEMORANDUM

SLOMSKY, J.                                        JANUARY 3ᵈ, 2018

Plaintiff Alex H. Pierre, an attorney who has been suspended from the practice of law in Pennsylvania, brings this civil action against the Supreme Court of Pennsylvania. Mr. Pierre seeks leave to proceed *in forma pauperis*. The Court will grant Mr. Pierre leave to proceed *in forma pauperis* and dismiss his complaint.

I.    FACTS

According to the complaint, Mr. Pierre was suspended from the practice of law for three years in 2005. In 2006, he was charged with responsibility for a disbursement made to a former client from the Pennsylvania Lawyers Fund for Client Security. Mr. Pierre made two or three payments but could not afford any additional payments. In November of 2011, Mr. Pierre applied to the Pennsylvania Supreme Court for reinstatement; his application was denied in February of 2012 pursuant to a rule that prohibits reinstatement unless the Fund has been fully reimbursed plus 10% per annum interest.

In the meantime, Mr. Pierre had initiated a civil action in the Court of Common Pleas in 2010 against his landlord, stemming from his 2008 eviction. After years of litigation, Mr. Pierre

lost at trial. The Superior Court affirmed the verdict in 2015, and the Pennsylvania Supreme Court denied Mr. Pierre's petition for allowance of appeal in March of 2016.

Based on those allegations, Mr. Pierre initiated this civil action against the Pennsylvania Supreme Court, claiming violations of his constitutional rights, apparently pursuant to 42 U.S.C. § 1983, based on the denial of his application for reinstatement and based on the manner in which his landlord-tenant case was handled by the state courts. Specifically, he claims Eighth Amendment, Due Process, and Equal Protection violations. He also asserts breach of contract claims. Mr. Pierre seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

Mr. Pierre's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.*

## III. DISCUSSION

### A. Constitutional Claims

Mr. Pierre's constitutional claims are legally baseless. "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

2

United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Supreme Court has explained that States are entitled to Eleventh Amendment immunity from § 1983 claims and that, in any event, a State is not considered a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 65-66 (1989). Pennsylvania courts, including the Pennsylvania Supreme Court, are considered part of the Commonwealth and, thus, share in the Commonwealth's immunity. *See Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000) ("All courts and agencies of the unified judicial system[] . . . are part of 'Commonwealth government' and thus are state rather than local agencies."). Accordingly, there is no legal basis for a constitutional claim against the Pennsylvania Supreme Court pursuant to § 1983. *See, e.g, Law Offices of Lucas ex rel. Lucas v. Disciplinary Bd. of Supreme Court of PA*, 128 F. App'x 235, 237 (3d Cir. 2005) ("The [Disciplinary Board of the Supreme Court of Pennsylvania], an agency of the Supreme Court of Pennsylvania and part of the 'unified judicial system,' is an arm of the state.").

### B. **Breach of Contract Claims**

Mr. Pierre's breach of contract claims also fail. His contract claims are based on allegations that a Pennsylvania Rule pertaining to the supervision and assignment of judges in the unified judicial system creates a contract with him as a litigant. Mr. Pierre cites to a portion of the rule announcing the following policy statement:

> It is the policy of the unified judicial system that any matter at any stage of a proceeding be brought to a fair conclusion as promptly as possible, consistent with the character of the matter and the resources of the system. The requirements of this rule further specify and implement this policy in keeping with the Court's constitutionally mandated responsibility to oversee the prompt and proper disposition of the business of the Pennsylvania courts.

3

201 Pa. Code Rule 703. Mr. Pierre alleges that the state courts' failure to promptly resolve his civil litigation gives rise to a breach of contract claim based on that policy statement.

"It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). Here, Mr. Pierre does not allege the existence of a contract. Instead, he cites to a Rule of Judicial Administration within Pennsylvania's Administrative Code. That Rule does not equate to a contract. Accordingly, Mr. Pierre has not pled any legal basis for a contract claim and his case must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Pierre's complaint. Mr. Pierre will not be given leave to amend because amendment would be futile, as he cannot cure the above defects. An appropriate order follows, which shall be docketed separately.